**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| SAMMY LEE CASEY-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-161 LMB |
| | ) |
| CHARLIE JONES, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Sammy Casey-El to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.10-213.095. Plaintiff alleges that defendant discriminated against him based on his race and disability by refusing to hire him for a job in the Caruthersville Fire Department. Plaintiff alleges that the discriminatory act occurred in April 2003. Plaintiff pursued administrative remedies, and plaintiff was issued a Right to Sue Letter on April 28, 2004. Plaintiff seeks monetary and injunctive relief.

## Discussion

Under Title VII, a person who wishes to bring an action in federal court after having been issued a Right to Sue Letter must do so no later than ninety days after receiving the letter. 42 U.S.C. § 2000e-5(f)(1); Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, 309 F.3d 1051, 1054 (8th Cir. 2002). The instant complaint was filed on November 1, 2006, more than two-and-one-half years after the Right to Sue Letter issued. As a result, plaintiff's claims are time-barred, and the complaint will be dismissed because it is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 18th day of December, 2006.

_____
**UNITED STATES DISTRICT JUDGE**